IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| YUN TAI CHI, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 3:25-CV-359-SLH ) STEPHANIE L. HAINES |
| PAMELA J. BONDI, *Attorney General, U.S. Department of Justice, et al.*, | ) UNITED STATES DISTRICT JUDGE ) ) |
| Respondents. | ) ) |

**MEMORANDUM ORDER**

**I.   Introduction**

Now pending before the Court is Petitioner Yun Tai Chi's ("Petitioner") "Motion for an Emergency Temporary Restraining Order Ex Parte[.]" (ECF No. 4). Therein, Petitioner states that he is a "55-year-old Chinese citizen who has resided in the United States since 1991." (*Id.* at 3). Petitioner indicates that a removal order was issued relative to him in 1999. (*Id.* at 4). On July 2, 2025, ICE arrested Petitioner during a check-in because "he was the subject of a deportation order." (*Id.*). According to Petitioner, Respondents are detaining him at Moshannon Valley Processing Center ("MVPC"); he contends that his "summary arrest and indefinite detention flout the Constitution." (*Id.*). He therefore seeks an injunction affording him the following relief: (1) immediate release from custody, (2) immediate release from custody followed by a pre-deprivation bond hearing within fourteen (14) days, (3) an order barring Respondents from transferring him out of this District or deporting him during the pendency of this proceeding, and (4) other similarly worded requests for relief. (*Id.* at 1–2). Respondents have yet to respond to Petitioner's claims and requests.

## II.    Analysis

Turning first to Petitioner's requests for immediate release and release followed by a pre-deprivation bond hearing, as well as any similar requests that he lodges, the Court finds that all such requests by Petitioner constitute affirmative relief. That fact is critical because the Court may not afford such relief via an *ex parte* temporary restraining order—the Court may only potentially afford such relief if it first gives Respondents notice and an opportunity to respond. *Hope v. Warden York County Prison*, 956 F.3d 156 (3d Cir. 2020) (*Hope I*); *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020) (*Hope II*).[1] Therefore, the Court denies Petitioner's request for a temporary restraining order insofar as he seeks these pieces of affirmative relief.

Turning next to Petitioner's request for an Order barring Respondents from transferring him outside this District, the Court notes that an alien detainee's request to enjoin his or her transfer when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Indeed, Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). 8 U.S.C. §

---

[1] The Court briefly explains its point on this score. In *Hope I*, the Third Circuit explained that a temporary restraining order is generally not appealable, while a preliminary injunction is. *Hope I*, 956 F.3d at 159–60. The Third Circuit further stated that when a "*purported* [temporary restraining order] goes beyond preservation of the status quo and mandates affirmative relief, the order may be immediately appealable[.]" *Id.* at 160–62 (emphasis added) (ultimately finding that purported temporary restraining orders, which the district court issued without affording the Government an opportunity to be heard, and which granted affirmative relief in the form of release of twenty immigration detainees on their own recognizance, were immediately appealable). In other words, in *Hope I*, the Third Circuit implicitly held that orders granting affirmative relief (such as the release of alien detainees on their own recognizance) were preliminary injunctions, not temporary restraining orders.

That fact is important because, in *Hope II*, the Third Circuit explained that a court "may not … issue an *ex parte* preliminary injunction." *Hope II*, 972 F.3d at 320. Accordingly, based on *Hope I and II*, working together, this Court finds that it cannot issue an *ex parte* order granting affirmative relief. Such relief may only come after the Court has afforded the opposing party notice and an opportunity to be heard. *Hope I*, 956 F.3d at 160 (noting that our "entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute") (cleaned up).

1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006). Therefore, the Court finds that it lacks jurisdiction to enjoin Petitioner's transfer outside this District, and the Court denies his Motion at ECF No. 4 insofar as he requests a temporary restraining order to that effect.

Turning finally to Petitioner's request for an injunction prohibiting his removal from the country, this Court notes that the Supreme Court has indicated that injunctive relief is not appropriate to prevent the possibility of some remote future injury; on this score, the Court wrote:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction. *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423 (1974); *O'Shea v. Littleton,* 94 S.Ct. 669 (1974); see also 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995) (hereinafter Wright & Miller) (applicant must demonstrate that in the absence of a preliminary injunction, "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered"); *id.,* at 154–[]55[; *O'shea,*]

3

>94 S.Ct. 669 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Issuing a preliminary injunction **based** only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (*per curiam*).

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (cleaned up) (emphasis provided). In other words, "[a] party seeking prospective injunctive relief must demonstrate a real and immediate, i.e., not speculative, threat of future harm." *Louisiana Counseling & Fam. Servs. Inc. v. Mt. Fuji Japanese Rest.*, No. 08-6143, 2014 WL 941353, at *7 (D.N.J. Mar. 11, 2014) (*aff'd sub nom.* in *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757 (3d Cir. 2015)) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)).

With that background in place, the Court stresses that an Immigration Judge has "granted [Petitioner a] stay of deportation." (ECF No. 1 at 8). In other words, Petitioner has given the Court no indication that his removal from the country is at all imminent, but rather has given the Court an indication that it is *not* imminent, which leads the Court to find that he has failed to show a risk of imminent irreparable harm in the absence of prospective injunctive relief. Accordingly, because such a showing is a necessary precondition to obtaining such relief, the Court must deny Petitioner's request on this score. *See Hope II*, 972 F.3d at 319–20 (noting that a petitioner must show a likelihood of suffering irreparable injury in the absence of prospective injunctive relief in order to obtain a temporary restraining order).

Therefore, the Court DENIES Petitioner's Motion at ECF No. 4 and leaves the remaining matters in this case for the Magistrate Judge to consider in the first instance.[2]

---

[2] As the foregoing discussion demonstrates, the Court has considered Petitioner's Motion as a request for a temporary restraining order alone. The Court has done so because that is the primary focus of his filing at ECF No. 4. While Petitioner makes passing reference to a preliminary injunction, that request is by no means at the heart of his Motion. Therefore, the Court leaves the habeas petition in this matter, as well as any future request for a preliminary injunction that Petitioner wishes to lodge, before the Magistrate Judge for his consideration in the first instance.

Accordingly, the Court enters the following Order:

**ORDER OF COURT:**

AND NOW, this 1st day of December, 2025, IT IS HEREBY ORDERED that, for the reasons set forth in the foregoing Memorandum Order, Petitioner's Motion at ECF No. 4 is DENIED insofar as he requests a Temporary Restraining Order. All remaining matters in this case remain before the Magistrate Judge for consideration in the first instance.

BY THE COURT:

/s/ Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE